# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE LEE OAKES, | CASE NO. 07cv1872-JAH (MDD) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |
| vs. | [Doc. No. 80] |
| DR. PETERSON, et al., | |
| Defendants. | |

On December 20, 2011, Plaintiff in the above-entitled matter filed a Motion requesting that the Court appoint him counsel to assist in his civil rights lawsuit. (Doc. No. 80). In his Motion, Plaintiff contends that he cannot afford an attorney, has no assistance in preparing or filing documents, and is a "triple C.M.S. mental health patient" and is disabled. Id.

"[T]here is no absolute right to counsel in civil proceedings." Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both

1  the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se
2  in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and
3  both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon,
4  789 F.2d 1328, 1331 (9th Cir. 1986)).

5      Plaintiff previously filed a Motion to Appoint Counsel on November 4, 2009.  (Doc. No.
6  17).  That Motion was considered and denied by then Magistrate Judge Anthony J. Battaglia.
7  (Doc. No. 18).  In his Motion, Judge Battaglia found that Plaintiff had not established that
8  exceptional circumstances required the appointment of counsel.  Id. at 2.

9      In the instant Motion, Plaintiff alleges identical difficulties to those alleged in his previous
10 motion.  The Court agrees with the previous determination that Plaintiff's alleged difficulties,
11 considered in light of Plaintiff's demonstrated ability to set forth the factual and legal basis for his
12 claims in a manner that allows them to be addressed on the merits, do not constitute exceptional
13 circumstances that would require the appointment of counsel.  Accordingly, pursuant to 28 U.S.C.
14 § 1915(e)(1), Plaintiff's Motion is **DENIED**.

15     **IT IS SO ORDERED**.

16 DATED: January 19, 2012

                                             Hon. Mitchell D. Dembin
                                             U.S. Magistrate Judge