# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE LEE OAKES,<br><br>                Plaintiff,<br>  vs.<br>DR. PETERSON, et al.,<br><br>               Defendants. | CASE NO. 07cv1872-JAH (MDD)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO QUASH SUBPOENA.<br><br>[Doc. No. 82] |

On December 20, 2011, Plaintiff filed a Motion to Quash the subpoena served by Defendants on November 21, 2011. (Doc. No. 82). Plaintiff contends that Defendants are seeking disclosure of Plaintiff's mental health records, other confidential files, and Plaintiff's disciplinary records. *Id.* Plaintiff asserts that these requests are irrelevant and prejudicial. *Id.* Plaintiff makes no objection to the sections of Defendants' subpoena requesting his other medical records or requesting audio/visual evidence taken during or following the incidents at issue. *Id.*

On January 17, 2012, Defendants filed a Response to Plaintiff's Motion. (Doc. No. 85). In their Response, Defendants offer to modify the subpoena to exclude Plaintiff's mental health records and confidential files, but maintain their request for Plaintiff's disciplinary files. *Id.* As Defendants have agreed to withdraw their requests regarding Plaintiff's mental health and confidential files, the Court need not address those here. The only remaining question is whether Defendants' request for Plaintiff's disciplinary files is proper.

/ / /

1   Defendants contend that Plaintiff's disciplinary files are relevant and will likely lead to
2 admissible evidence at trial. *Id.* at 2. Defendants assert that Plaintiff's claims are based in large
3 part on Plaintiff's prior interactions with prison staff and on injuries incurred while incarcerated,
4 and that the disciplinary file is "the best source of information regarding [Plaintiff's] interactions
5 with staff members and other inmates. Plaintiff's disciplinary files will provide detailed
6 descriptions of physical disputes he has had with other prisoners[.]" *Id.*

7   The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing
8 parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's
9 claim or defense." Fed. R. Civ. P. 26(b)(1). Also, "[f]or good cause, the court may order
10 discovery of any matter relevant to the subject matter involved in the action." *Id.* Relevant
11 information for discovery purposes includes any information "reasonably calculated to lead to the
12 discovery of admissible evidence," and need not be admissible at trial to be discoverable. *Id*.
13 There is no requirement that the information sought directly relate to a particular issue in the case.
14 Rather, relevance encompasses any matter that "bears on" or could reasonably lead to matter that
15 could bear on, any issue that is or may be presented in the case. *Oppenheimer Fund, Inc. v.*
16 *Sanders*, 437 U.S. 340, 354 (1978). District courts have broad discretion to determine relevancy
17 for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

18   Here, Plaintiff's disciplinary records are relevant, as they may contain information that
19 bears on the origin of Plaintiff's injuries and Plaintiff's interactions with prison medical staff and
20 guards. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, Plaintiff's Motion is **DENIED**, though
21 Defendants' are required to modify their subpoena as detailed above.

22   **IT IS SO ORDERED**.
23 DATED: January 19, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge